**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Don M. Wisdom and Eloise Wisdom, husband and wife,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>Wells Fargo Bank, National Association, a California Corporation,<br><br>　　　　　Defendant. | No. CV-10-2400-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. 72). For the reasons set forth below the motion is denied.

In its Case Management Order (Doc. 28) entered on April 8, 2011, the Court allowed 60 days in which the parties could seek to amend their complaint. Although Plaintiffs base their motion to amend on Rule 15, Federal Rules of Civil Procedure 15 and L.R.Civ. 15.1, "Rule 15 does not provide the standards by which we consider [their] motion to amend." *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). As that case states, "[o]nce the district court has filed a pretrial scheduling order pursuant to Federal Rules of Civil Procedure 16 which established a timetable for amending pleadings that rule's standards controlled." Pursuant to the terms of the rule, counsel must establish good cause for amending the Court's Case Management Order to permit an amendment to its complaint.

In this case, of course, Plaintiffs do not specifically request that the Court modify its

1 Case Management Order. They merely move to amend their complaint. They further argue
2 that the motion for leave to amend is within the time authorized for such motions. This
3 statement is incorrect. As *Johnson* sets forth "[a] Court's evaluation of good cause is not
4 coextensive with an inquiry into the propriety of the amendment under . . . Rule 15." *Id.* at
5 609 (quoting *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987). As *Johnson* further
6 sets forth,

> Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. [A] district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'

Because Plaintiffs' motion completely fails to attempt to establish the diligence of Plaintiffs in seeking the amendment to the complaint. Therefore he motion is denied.

**IT IS HEREBY ORDERED** denying the Motion for Leave to File Second Amended Complaint (Doc. 72).

DATED this 19th day of October, 2011.

/s/ A. Murray Snow
G. Murray Snow
United States District Judge

- 2 -