1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Don Wisdom and Eloise Wisdom, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>Wells Fargo Bank NA,<br><br>Defendant. | No. CV-10-2400-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendant Wells Fargo Bank, NA's Motion for Partial Dismissal. (Doc. 36).[1] For the reasons stated below, the motion is granted.

**BACKGROUND**

According to the Complaint, at some time in the past, Plaintiffs' son Brandon Wisdom, not a party to this action, obtained a credit card from Defendant Wells Fargo. Plaintiffs did not guarantee or co-sign the card. Brandon Wisdom was unable to make payments on the card, and Plaintiff Don Wisdom offered to pay a portion of the balance in exchange for a cancellation of the remainder. Defendant declined the offer and instead sued Plaintiffs and Brandon in state court. The suit was dismissed with prejudice when Plaintiffs

---

[1] Defendants have also filed a Motion for Summary Judgment (Doc. 91), which is not yet fully briefed and has not been considered.

demonstrated they had no liability on Brandon's card. After dismissal, Defendants reported to various Credit Reporting Agencies ("CRAs") that it had charged off over $16,000 of bad debt to Plaintiff Don Wisdom.

Plaintiffs notified the CRAs that the information was false, but Defendant has not corrected the report of a charge-off. As a result, Plaintiffs' ability to obtain credit has been hampered. The credit limits on their cards have been reduced and the line of credit on their otherwise debt-free house has been lowered. Plaintiff Don Wisdom runs a business where he purchases secondhand office equipment for resale.[2] His business requires ready access to credit, and he had previously used his high-limit personal credit card and the line of credit on his home for this purpose. Plaintiffs allege that Defendants violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (2006) ("FCRA"), the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* (2006) ("TILA"), and the Arizona Fair Credit Reporting Act, Ariz. Rev. Stat. ("A.R.S.") § 44-1591 *et seq.* (2003) ("AFCRA"), and that Defendant intentionally interfered with Plaintiffs' business relationships.

Plaintiffs state that their damages include but are not limited to the following: "humiliation, embarrassment, anxiety, credit and reputation damage, credit denial, credit reduction, lost business and profits, loss of prospective economic advantage." (Doc. 1 ¶ 56). They further state that "[w]ith the loss of the benefit of the available credit, Mr. Wisdom's business has been drastically damaged." (*Id.* at 34).

Defendant moves to dismiss damages claims predicated upon Don Wisdom's business losses, claiming that business losses are not actionable under the FCRA or the AFCRA.

---

[2] The Plaintiffs do not state the name of the business in question in their complaint, but in their response write that "Don Wisdom is the President, CEO, Director and sole shareholder of Stand World, Inc. a local dealer in used business machines." (Doc. 37 at 2). Stand World Inc. is not a party to this action.

- 2 -

**DISCUSSION**

**1. Legal Standard**

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). Legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**2. Analysis**

The FCRA defines a "consumer" as "an individual," 15 U.S.C. § 1681a(c), and provides for the recovery of "any actual damages sustained by the consumer." 15 U.S.C. § 1681o(a)(1). It does not provide for protection for business entities, and courts have held since its initial passage that "both the legislative history of the Act and the official administrative interpretation of the statutory terminology involved compel the conclusion that the Act does not extend coverage to a consumer's business transactions." *Sizemore v. Bambi Leasing Co.*, 360 F. Supp. 252, 254 (D. C. Ga. 1973) (a credit report issued in connection with a commercial lease application not protected by the FCRA). The FTC has interpreted the FCRA to deny protection for credit reports requested for commercial purposes, writing that "[a] report on a consumer for credit or insurance in connection with a business operated by the consumer is not a consumer report and the Act does not apply to it." FTC Interpretation under the Fair Credit Reporting Act, 16 C.F.R. Pt. 600, App. § 603 cmt. (6)(B).

Plaintiffs may not claim as damages any actual losses sustained by a business that is not a party to this action, regardless of the cause of those losses. Plaintiffs include among

1 their damages "lost business and profits," and state that "Mr. Wisdom's business has been
2 drastically damaged." (Doc. 1 ¶¶ 34, 56). Neither Stand World Inc. nor any other business
3 entity is a party to this action. Losses suffered by Stand World Inc. or any other business
4 entity predicated upon the fact that Plaintiffs could not supply them with credit are simply
5 not Plaintiffs' losses, and cannot be recovered in this lawsuit.[3] Nor can Plaintiffs claim
6 personal damages predicated upon the losses of an independent corporation which it was
7 their custom to supply with personal credit. Therefore, to the extent losses described in the
8 complaint as "lost business and profits," or attributed to "Mr. Wisdom's business" are in fact
9 the losses of a non-party corporation, they cannot be recovered in this action regardless of
10 their root cause.

11 Plaintiffs go to some lengths to argue that FCRA authorizes recovery of commercial
12 losses, particularly after the 1996 amendments regarding furnishers were added. (Doc. 36 at
13 3–5). Even were this the case, it would not grant them the right to recover losses sustained
14 by a non-party corporation. The Ninth Circuit has found that a consumer could recover for
15 loss of credit when he had obtained that credit because he "hoped to start a business and . .
16 . [hoped to] have a clean credit history when he sought financing for the venture."*Dennis v.
17 BEH-1, LLC*, 520 F.3d 1066, 1069 (9th Cir. 2008). In *Dennis*, however, the losses were
18 sustained in fact by the consumer. The business which he hoped to start did not yet exist, and
19 he was not suing for losses it had sustained. The Ninth Circuit has further found that when
20 a consumer requests what appears to be a credit report from a CRA, "the report *is* a consumer
21 report within the meaning of FCRA," even if the credit is put to a different purpose.
22 *Comeaux v. Brown & Williamson Tobacco Co.*, 915 F.2d 1264, 1274 (9th Cir. 1990).
23 Nevertheless, it has not granted any consumer the right to recover damages sustained by a
24 third-party entity that is not itself a "consumer" under FCRA.

---

[3] Neither Stand World, Inc. nor any other corporate entity could be added as a plaintiff in this action because no corporation would qualify as a "consumer" under the FCRA, which defines a "consumer" as "an individual." 15 U.S.C. § 1681a(c).

As Defendant notes, "[i]n relevant respects, [Arizona's Fair Credit Reporting Act] is textually identical to FCRA." (Doc. 36 at 6); *see* A.R.S. §§ 44-1691–98. The Arizona statutes therefore likewise do not apply to commercial loans or loan applications by individuals designated as being for a commercial purpose. *See*, *e.g.*, *State ex rel. Corbin v. Weaver*, 140 Ariz. 124, 128 680 P.2d 833, 837 (App. 1984) (the substantive decisions of federal courts are persuasive in constructing identically-worded state laws). Plaintiffs may claim personal losses based upon the loss of their credit under AFCRA, but they once again may not claim damages on behalf of a non-party to this litigation.

**CONCLUSION**

Plaintiffs allege that they suffered damages because their personal credit card limit was lowered and their home equity line of credit was diminished, and they may seek recovery of their own "actual damages" under the FCRA, regardless of their intended use of the credit. To the extent that they are seeking damages based upon the losses of a non-party corporation, however, their damages claims are dismissed.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Partial Dismissal (Doc. 36) is **granted**. Plaintiffs may seek to recover losses that they individually suffered based upon their damaged credit, whether they were intending to put that credit to personal or commercial use. They may not claim any damages suffered by Stand World Inc. or any other non-party corporation.

Since Plaintiffs' claims seek recovery of losses other than business losses, none of their claims are dismissed.

DATED this 20th day of January, 2012.

_____
G. Murray Snow
United States District Judge