**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Don M. Wisdom and Eloise Wisdom, husband and wife,<br><br>    Plaintiffs,<br><br>vs.<br><br>Wells Fargo Bank NA,<br><br>    Defendant. | No. CV-10-2400-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Plaintiffs' Motion for Reconsideration. (Doc. 94). For the reasons discussed below, the motion is denied.

**BACKGROUND**

The facts in this case are set forth in the order granting Defendant Wells Fargo Bank's Motion for Partial Dismissal. (Doc. 93). In that Order, the Court found that losses sustained by Stand World, Plaintiff Don Wisdom's business entity, could not be recovered in a claim alleging violations under the Fair Credit Reporting Act ("FCRA") because a business is not a "consumer" under the FCRA, and because Stand World is not a party to this action. (*Id.*). Plaintiff now claims that "Stand World and Don Wisdom operate as one entity," that "[t]here isn't any realistic separation of interests, finances or objectives," and that "[n]one of the customary formalities are observed." (Doc. 94 at 2–3). Plaintiff alleges that because he fails to observe the corporate formalities, "[a]ny losses suffered by Stand World were also direct losses to Don Wisdom" and should be recoverable as consumer losses under FCRA (*Id.*).

**DISCUSSION**

**1.    Legal Standard**

Under Rule 59(e), a motion for reconsideration may be granted only on one of four grounds, "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotations and emphasis omitted). Motions for reconsideration are disfavored and are not the place for parties to make new arguments not raised in their original briefs and arguments. *See Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988). Nor should such motions ask the Court to "rethink what the court has already thought through–rightly or wrongly." *See United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998) (quoting *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

**2.    Analysis**

Plaintiff cites case law allowing direct claims against the shareholders of corporations who fail to observe the corporate formalities, or in circumstances where a small number of shareholders "operated more as partners than in strict compliance with the corporate form." *Johnson v. Gilbert*, 127 Ariz. 410, 412, 621 P.2d 916, 918 (App. 1980). Plaintiff does not allege that he operated Stand World more as a partnership than a corporation; he alleges that he failed to respect the corporate form at all. In his declaration, he acknowledges that he failed to appoint directors, failed to hold director or shareholder meetings, and co-mingled his personal funds with Stand World's. He states, for example, that if Stand World is unable to pay the rent it owes Plaintiff as Plaintiff's tenant, it simply does not pay, and "no accounting is made of delinquent rent." (Doc. 94-1). Plaintiff acknowledges "loaning" money to and "borrowing" money from Stand World, although "[t]he loans are not 'formalized' by documents" and are only repaid, if at all, "to me and occasionally to Brandon as salary."

(*Id.*).

If Plaintiff's description of his business is accurate, he is undoubtedly correct that "if a judgment were entered against Stand World and Stand World could not pay the judgment, the creditor could collect from Don Wisdom in an alter ego claim." (Doc. 94). Abuse of the corporate form grants creditors the right to recover from the abusing shareholder. Plaintiffs offer no authority, however, suggesting that an abusing shareholder has the right to recover the corporation's losses as though they were personal losses. Plaintiff cannot recover Stand World's losses based upon the theory that he has misused the corporate form. The motion for reconsideration is denied.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Reconsideration (Doc. 94) is **denied**.

DATED this 25th day of January, 2012.

_____
G. Murray Snow
United States District Judge

- 3 -